**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fredrick Torrez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC,<br><br>　　　　　Defendants. | No. CV-25-0520-TUC-EJM<br><br><br>**ORDER** |

On September 17, 2025, Plaintiff Fredrick Torrez filed a *pro se* Complaint (Doc. 1). Plaintiff did not immediately pay the $405.00 civil action filing fee but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2).

**I.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]"  28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is without sufficient earned income and has no assets.  The Court finds Plaintiff is unable to pay the fees.  The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) will be granted.

**II.    STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT**

This Court is required to dismiss a case if the Court determines that the allegation

of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514 (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, 574 U.S. 10, 11 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted").

. . .

### III. PLAINTIFF'S COMPLAINT

Plaintiff's Complaint (Doc. 1) contains a single count for alleged violations of the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681 *et seq*. The Court finds that the Complaint (Doc. 1) provides sufficient detail to put Defendant on notice of Plaintiff's claim against it. Accordingly, the Court will order service of the Complaint (Doc. 1). Because the Court has granted Plaintiff *in forma pauperis* status, it will direct the United States Marshals Service to serve his Complaint. Fed. R. Civ. P. 4(c)(3).

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

(2) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Equifax Information Services, LLC.

(3) Plaintiff shall complete and return the service packet to the Clerk of Court within twenty-one (21) days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) Upon receipt of the completed service packet, the Clerk shall issue summons and the United States Marshal shall serve a copy of the Complaint, Summons, and this Order upon Defendant pursuant to Rules 4(e) and 4(j)(2) of the Federal Rules of Civil Procedure at government expense.

(5) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(6) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to each Defendant must include a copy of this Order. The

Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within thirty (30) days from the date of the request for waiver sent by the Marshal, the Marshal must:

    (a)    personally serve a copy of the Summons, Complaint, and this Order upon Defendant, at Government expense, pursuant to Rules 4(e) and 4(j)(2) of the Federal Rules of Civil Procedure; and

    (b)  within ten (10) days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 29th day of September, 2025.

Eric J. Markovich
United States Magistrate Judge